UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARA ELIZABETH DUNN,

    Plaintiff,

v.                                                                     Case No. 1:17-cv-634
                                                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for supplemental security income (SSI).

**I.    Discussion**

The present case involves plaintiff's application for SSI filed on October 31, 2013. PageID.228. This is not plaintiff's first application for benefits. Plaintiff had previously filed a claim for disability insurance benefits (DIB) and SSI, which was denied by ALJ Shirley Moscow Michaelson. PageID.182-200, 226. In that decision, ALJ Moscow Michaelson found that plaintiff had the residual functional capacity (RFC) to perform a limited range of "at least light work":

> I find that the claimant has the residual functional capacity to perform at least light work as defined in 20 CFR 404.1567(b) and 416.967(b), but is limited to self-paced, simple, repetitive tasks that require limited independent judgment. She must have a fairly routine work environment with few unpredictable changes. She could have no more than superficial contact with the public. She can work in proximity to others but not as part of a team. Finally, she is also limited to jobs that do not have a strict pace (such as an assembly line), strict production quotas, or working as a

1

member of a team; instead, she needs to be able to control the pace of her work so long as she meets productivity expectations.

PageID.188. The ALJ further found that plaintiff has no past relevant work that she can perform, but that plaintiff is able to perform a number of light, unskilled jobs. Accordingly, ALJ Moscow Michaelson found that plaintiff was not disabled from June 12, 2006 (the alleged onset date) through August 6. 2012 (the date of the decision). PageID.200.

In reviewing plaintiff's present claim, which sought benefits commencing on October 31, 2013, ALJ Paul W. Jones noted that he was bound to adopt ALJ Moscow Michaelson's RFC findings:

> When evaluating the current application, Social Security Acquiescence Ruling 98-4(6), based upon *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (1997), and Social Security Acquiescence Ruling 98-3(6), based upon *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (1990), must be considered. *Drummond* requires that the residual functional capacity of a prior Administrative Law Judge be adopted unless there is new and material evidence. *Dennard* requires that findings of a prior Administrative Law Judge are essentially binding as to the issues of prior work and transferable skills.

PageID.233.

Here, ALJ Jones rejected ALJ Moscow Michaelson's RFC findings with respect to the exertional impairments and some of the non-exertional impairments:

> In a prior final unfavorable August 6, 2012, hearing decision, Administrative Law Judge (ALJ), Shirley Moscow Michaelson concluded claimant had medically determinable severe mental impairments limiting her to a range of simple, routine, repetitive work with restrictions in interpersonal interactions. Judge Moscow Michaelson further concluded that there were no severe physical impairments, but then inexplicably determined claimant could perform "at least light work." I cannot adopt this nonsensical conclusion that limits claimant exertionally without an underlying established impairment. Moreover, I do not adopt ALJ Moscow Michaelson's terms (e.g., "fairly routine" "limited" "few unpredictable changes" "strict pace" and so on), not defined in the Administration's regulations or in the Dictionary of Occupational Titles.

PageID.233.

Then, ALJ Jones found that plaintiff had the RFC to perform a limited range of work without any exertional limitations:

> Claimant has the residual functional capacity to perform a full range of work at all exertional levels, but is non-exertionally limited to simple, routine, repetitive tasks; with no public interaction; occasional coworker interaction; and occasional supervision.

PageID.231. ALJ Jones further found that plaintiff has no past relevant work that she can perform, but that plaintiff was able to perform a number of unskilled jobs at all exertional levels in the national economy. PageID.234. ALJ Jones entered a written decision denying benefits, finding that plaintiff has not been under a disability as defined in the Act since October 31, 2013 (the application date) and May 22, 2015 (the date of the decision).

Since plaintiff filed this action, the Sixth Circuit issued its opinion in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), which examined the principles of *res judicata* as those principles pertain to a claimant's subsequent application for benefits. For the reasons discussed below, ALJ Jones' decision will be reversed and remanded for further proceedings consistent with the principles set forth in the *Earley* opinion.

In addressing the principles of *res judicata* as they apply to the review ALJ decisions in Social Security cases, the court in *Early* asked:

> What are those principles? Finality, efficiency, and the consistent treatment of like cases. An administrative law judge honors those principles by considering what an earlier judge found with respect to a later application and by considering that earlier record. That is why it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application.

*Earley*, 893 F.3d at 933 (internal citations omitted). The court noted that the doctrine of *res judicata* bars relitigation of the same claim but not litigation of a new claim, pointing out that "Res judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is

not the same as a claim that one became disabled in 1994." *Earley*, 893 F.3d at 933, quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)). Thus, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Earley*, 893 F.3d at 933.

In a supplemental filing, defendant contends that the Sixth Circuit's opinion in *Earley* should have no impact on ALJ Jones' decision because he rejected ALJ Moscow Michaelson's RFC determination and followed the analytical framework in *Earley*:

> Here, plaintiff previously filed an application for disability benefits in 2006, which was ultimately denied by an ALJ on August 6, 2012, a decision that subsequently became administratively final (*see* PageID.79, 182-200). The Commissioner acknowledges that the current ALJ analyzed the prior ALJ decision under *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) (holding that an ALJ is bound by another ALJ's findings analyzing a prior claim absent evidence of changed circumstances) (PageID.85), and the Sixth Circuit recently modified that holding in *Earley*, 893 F.3d 929. However, the ALJ expressly rejected the residual functional capacity determination of the prior ALJ decision (PageID.85), and engaged in a fulsome discussion of the evidence that had been submitted as part of plaintiff's most recent disability benefits application (PageID.81-86). As such, the ALJ's decision complies with the analytical framework recently announced in *Earley*, 893 F.3d at 934, as he engaged in a "fresh review of a new application for a new period of time."

Defendant's Letter (ECF No. 15).

The Court disagrees with defendant's contention that ALJ Jones' decision satisfied the analytical framework set forth in *Earley*. On the contrary, defendant admits that ALJ Jones analyzed this case under the incorrect standard announced in *Drummond*, meaning that he was required to adopt ALJ Moscow Michaelson's RFC findings and then had to explain why he was not bound by them. In performing this analysis, ALJ Jones' decision was essentially a review of ALJ Moscow Michaelson's RFC findings (i.e., her "nonsensical" conclusion and use of undefined terms), rather than a "fresh review" of plaintiff's "new application for a new period of time." In the Court's opinion, because ALJ Jones was required to commence his review of plaintiff's new claim by adopting ALJ Moscow Michaelson's RFC findings, he did not perform a *de novo* review

4

of the medical record with respect to that new claim. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991) (as part of the "four step process to facilitate the orderly and sympathetic administration of disputed claims . . . the claimant is entitled to an evidentiary hearing and a *de novo* review before an ALJ"). In short, ALJ Jones did not "start[] the process anew." *Earley*, 893 F.3d at 932.

Given this result, the Court is guided by the remedy set forth in *Earley*:

> All roads in the end lead to this destination: The ALJ should have another opportunity to review the application under the correct standard.

*Earley*, 893 F.3d at 934. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate plaintiff's claim consistent with the Sixth Circuit's decision in *Early*.

## II. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's claim under the standard expressed in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018). A judgment consistent with this opinion will be issued forthwith.


Dated: September 25, 2018                    /s/ Ray Kent
                                                              United States Magistrate Judge